a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NORBERTO ENRIQUE DOMINGUEZ #67274-004, Plaintiff | CIVIL DOCKET NO. 1:22-CV-01077 SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN MERRENDINO, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Norberto Enrique Dominguez ("Dominguez"). Dominguez is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Dominguez challenges the length of his sentence.

Because Dominguez does not meet the requirements of the savings clause of 28 U.S.C. § 2255(e), his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. Background

Dominguez pleaded guilty to possession with intent to distribute at least 500 grams of cocaine in violation of 21 U.S.C. § 841. *United States v. Dominguez*, 426 F. App'x 715, 716 (11th Cir. 2011). He received an enhanced sentence of 235 months of

imprisonment because he qualified as a career offender pursuant to § 4B1.1(b) of the United States Sentencing Guidelines. *Id.*

As part of the plea agreement, Dominguez "agreed to waive his right to appeal the sentence imposed, unless that sentence exceeds the statutory maximum or the guideline range established by the Court at sentencing." *Dominguez*, 1:09-CR-20989 (S.D. Fla.), ECF No. 94.

Nonetheless, Dominguez appealed, arguing that he was incorrectly sentenced as a career offender because his prior conviction for aggravated assault did not qualify as a crime of violence. He also argued that the district court erred by considering uncharged bad acts when it evaluated his request for a downward departure. *Dominguez*, 426 F. App'x at 716. The Government argued that Dominguez's appeal was barred by the waiver in his plea agreement. *Id.*

The United States Court of Appeals for the Eleventh Circuit concluded that it "need not determine whether Dominguez's appeal is barred by the waiver in his plea agreement because Dominguez's arguments fail on alternative grounds." *Id.* Specifically, the court found that aggravated assault did qualify as a crime of violence because it involved a "threatened use of physical force" against a victim. *Id.* at 717 (citing U.S.S.G. § 4B1.2(a)(1)). Therefore, the sentence was affirmed.

In 2011, Dominguez filed his first Motion to Vacate under § 2255 challenging the constitutionality of his enhanced sentence as a career criminal offender. *Dominguez*, 11-CV-24132 (S.D. Fla), ECF No. 1. The motion was denied, and his appeal was dismissed. *Id.* at ECF Nos. 16, 23.

In 2013, Dominguez sought relief under Rule 60(h) of the Federal Rules of Civil Procedure, again challenging his enhanced sentence as a career offender. *Dominguez*, 1:09-CR-20989 (S.D. Fla.), ECF No. 263. The motion was construed as a second and successive § 2255 motion and dismissed. *See Dominguez*, 1:13-CV-24243 (S.D. Fla.), ECF Nos. 11, 13.

Dominguez next filed a Motion to Reduce Sentence, which was denied. *Dominguez*, 1:09-CR-20989 (S.D. Fla.), ECF Nos. 279, 281. He then filed a Motion for Compassionate Release based on the pandemic, which was also denied. *Id.* at ECF Nos. 289, 294. Dominguez most recently filed another Motion to Reduce Sentence, which the court construed as a second and successive § 2255 motion and dismissed. *Id.* at ECF Nos. 298, 305.

In his § 2241 Petition, Dominguez claims that he is "actually innocent" of his career offender enhancement pursuant to *Borden v. United States*, 141 S. Ct. 1817 (2021)[1] and *Johnson v. United States*, 559 U.S. 133 (2010)[2]. ECF No. 1.

---

[1] In *Borden*, the Supreme Court concluded that a criminal offense with a *mens rea* of recklessness did not qualify as a "violent felony" under the elements clause of the Armed Career Criminal Act ("ACCA"). *See Borden*, 141 S. Ct. at 1821–22; 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court reversed and remanded the petitioner's ACCA-enhanced sentence, which had been based in part on a prior Tennessee conviction for reckless aggravated assault. *Borden*, 141 S.Ct. at 1822, 1834.

[2] In *Johnson,* the residual clause of the Armed Career Criminal Act ("ACCA") was found to be unconstitutionally vague.

II.    <u>Law and Analysis</u>

    A.    <u>Dominguez waived his right to collaterally attack his conviction and sentence.</u>

Dominguez waived his right to collaterally attack his conviction or sentence. *Dominguez*, 1:09-CR-20989 (S.D. Fla.), ECF No. 94. A collateral review waiver is generally enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). The Fifth Circuit has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel and where a sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020); *Ornelas-Castro v. United States*, 3:07-CR-197, 2020 WL 7321059, at *2 (N.D. Tex. 2020).

Dominguez does not show that his plea was involuntary, or that his waiver was unenforceable. Nor does he claim that he received ineffective assistance of counsel or that his sentence exceeds the statutory maximum.

    B.    <u>Dominguez's claim is meritless.</u>

Even if the waiver was unenforceable, Dominguez cannot proceed under § 2241. Generally, a federal prisoner may challenge his conviction under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per

4

curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that a "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause of § 2255(e) allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 via the savings clause, the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision

decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; Jeffers, 253 F.3d at 830).

The Fifth Circuit has not addressed whether *Borden* applies retroactively on collateral review, but other Circuits have suggested that it does. *See United States v. Toki*, 23 F.4th 1277, 1280 (10th Cir. 2022); In re: *Albertie*, 2021 U.S. App. LEXIS 26162, at *7 (11th Cir. Aug. 30, 2021) ("Borden announced a new rule of substantive law that is retroactively applicable under Teague (and the Suspension Clause) to cases on collateral review.").

Regardless, *Borden* does not establish that Dominguez is "actually innocent" of the crime for which he was convicted— possession with intent to distribute at least 500 grams of cocaine. Rather, the crux of Dominguez's claim is that he is innocent of a sentencing enhancement because his Florida battery conviction under Fla. Stat. Ch. 784.03 does not qualify as a crime of violence.

However, a claim of actual innocence of a sentencing enhancement cannot satisfy the requirements of the savings clause. *See Williams v. Nash,* 796 F. App'x 233, 234 (5th Cir. 2020) ("This court has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e).") (citing In re *Bradford,* 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *Kinder v. Purdy,* 222 F.3d 209, 213 (5th Cir. 2000)); *see also Shipp v. Chapa*, 698 F. App'x 202, 203 (5th Cir. 2017); *Preston v. Ask-Carlson*,

583 F. App'x 462, 463 (5th Cir. 2014) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing errors.").

Likewise, *Johnson* is inapplicable. Dominguez did not receive an increased sentence under the ACCA's residual clause. Instead, his sentence under the advisory guidelines was enhanced because he was determined to be a career offender under the advisory sentencing guidelines. *Johnson* does not apply in the context of the advisory sentencing guidelines. *See Beckles v. United States*, 137 S. Ct. 886 (2017); *United States v. Romero-Borego,* 690 F. App'x 865 (5th Cir. 2017).

Because *Borden* and *Johnson* do not establish that Dominguez is "actually innocent" of the charge for which his was convicted, he cannot meet the requirements of the savings clause.

## III. Conclusion

Because Dominguez cannot meet the requirements of the savings clause, IT IS RECOMMENDED that the § 2241 Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Dominguez's claim.[3]

---

[3] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F. App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

7

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, September 15, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE